UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| LAUREL BRENT, | Case No. 17-12654 |
| Plaintiff, | SENIOR U.S. DISTRICT JUDGE |
| v. | ARTHUR J. TARNOW |
| COMMISSIONER OF SOCIAL SECURITY, | U.S. MAGISTRATE JUDGE |
| | STEPHANIE DAWKINS DAVIS |
| Defendant. | |

**ORDER ADOPTING REPORT & RECOMMENDATION [16]; OVERRULING PLAINTIFF'S OBJECTIONS [17]; GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT [13]; AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT [11]**

Plaintiff Laurel Brent seeks judicial review of the decision of an Administrative Law Judge ("ALJ") denying her application for disability benefits. Plaintiff, through counsel, filed a Motion for Summary Judgment [11] on November 13, 2017. Defendant filed a Motion for Summary Judgment [13] on January 12, 2018. On August 21, 2018, the Magistrate Judge issued a Report and Recommendation [16] ("R&R") recommending that the Court grant Defendant's Motion and deny Plaintiff's Motion. Plaintiff filed Objections [17] to the R&R on September 4, 2018. Defendant filed a Response [18] on September 13, 2018.

For the reasons stated below, the Court **ADOPTS** the R&R [16]. Plaintiff's Objections [17] are **OVERRULED**. Defendant's Motion for Summary Judgment [13] is **GRANTED**. Plaintiff's Motion for Summary Judgment [11] is **DENIED**.

## FACTUAL AND PROCEDURAL BACKGROUND

The Magistrate Judge summarized the record as follows:

## I. Procedural History

### A. [Section omitted.]

### B. Administrative Proceedings

Plaintiff filed an earlier application for a period of disability and disability insurance benefits on March 23, 2011, alleging disability beginning on May 24, 2011. Administrative Law Judge Martha Gasparovich denied plaintiff benefits in a decision dated October 15, 2012.

Plaintiff filed another application for a period of disability and disability insurance benefits on July 16, 2014, alleging disability beginning on March 12, 2013. The claims were initially disapproved by the Commissioner on January 26, 2015. Plaintiff requested a hearing and on April 18, 2016, plaintiff appeared with counsel, before Administrative Law Judge ("ALJ") Dennis M. Matulewicz, who considered the case under the guidelines of *Drummond v. Comm'r of Soc. Sec.*, 126 F.3d 837 (6th Cir. 1997) and Acquiescence Ruling 98-4(6). In a decision dated May 5, 2016, the ALJ found that plaintiff was not disabled through the date last insured, December 31, 2013. Plaintiff requested a review of this decision, although the request is not in the administrative record. The ALJ's decision became the final decision of the Commissioner when the Appeals Council, on June 20, 2017, denied plaintiff's request for review . . . .

## II. Factual Background

### A. ALJ Findings

Plaintiff, born May 25, 1955, was 58 years old on the date last insured, December 31, 2013. She is a high school graduate with past relevant work as a direct caregiver, fast foods worker, housekeeper, and a nanny.

The ALJ applied the five-step disability analysis and found at step one that plaintiff had not engaged in substantial gainful activity during the period from her amended alleged onset date of March 12, 2013 through her date last insured.

At step two, the ALJ found that plaintiff's adjustment disorder/major depression and polysubstance abuse in reported remission were "severe" within the meaning of the second sequential step. He also found plaintiff's hypertension, asthma, Hepatitis C, and back pain (in the alternative) to be nonsevere, and her back pain to be not medically determinable. At step three, the ALJ found no evidence that plaintiff's impairments singly or in combination met or medically equaled one of the listings in the regulations.

Thereafter, the ALJ adopted plaintiff's residual functional capacity ("RFC") from the prior determination as follows:

> After careful consideration of the entire record, the undersigned finds that, through the date last insured, the claimant had the residual functional capacity to perform a full range of work at all exertional levels but with the following nonexertional limitations: simple unskilled work with an SVP rating of 1 or 2; working involving one-, two-, or three-step instructions; work with only occasional interpersonal interaction, contact, or discussion with coworkers; routine work that does not require changes or adaptations in work settings or duties more than once per month; work requiring no interaction or contact with the general public; jobs without production quotas mandating a specific number of pieces per hour or with a down-line coworker depending on claimant's productivity; and low stress environment defined as requiring no quick decision making and no quick judgment on the job.

At step four, the ALJ found that plaintiff was unable to perform any past relevant work. At step five, the ALJ denied plaintiff benefits because he found that there were jobs that exist in significant numbers in the national economy that plaintiff can perform.

[R&R at 1-4] (internal citations omitted).

## STANDARD OF REVIEW

The Court reviews objections to a Magistrate Judge's R&R on a dispositive motion *de novo.* 28 U.S.C. § 636(b)(1)(c). However, "[a] general objection, or one that merely restates the arguments previously presented is not sufficient to alert the court to alleged errors on the part of the magistrate judge." *Aldrich v. Bock*, 327 F. Supp. 2d 743, 747 (E.D. Mich. 2004).

Judicial review of a decision by a Social Security ALJ is limited to determining whether the factual findings are supported by substantial evidence and whether the ALJ employed the proper legal standards. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). "Substantial evidence is defined as more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007). Provided that the ALJ's conclusion is supported by substantial evidence, the Court must ". . . defer to that finding even if there is substantial evidence in the record that would have supported an opposite conclusion." *Longworth v. Comm'r of Soc. Sec.*, 402 F.3d 591, 595 (6th Cir. 2005) (internal quotation marks omitted).

## ANALYSIS

Plaintiff objects to the R&R [16] on three grounds. First, in Objection A, Plaintiff submits that the ALJ failed to properly consider the evidence of her lower back condition in light of the recent Sixth Circuit decision, *Earley v. Comm'r of Soc. Sec.*, 893 F.3d 929 (6th Cir. 2018). Second, in Objection B, Plaintiff submits that SSR 83-20 is applicable and compels relation-back of the 2014 medical findings on her lower back condition to the onset of disability date. Finally, in Objection C, Plaintiff submits that the ALJ's Step II findings were not supported by substantial evidence. The Court addresses each objection in turn.

### A. The ALJ properly considered the evidence of Plaintiff's lower back condition in light of *Drummond* and *Earley*

Because Plaintiff previously filed an application for disability insurance benefits which was denied by ALJ Gasparovich on October 15, 2012, ALJ Matulewicz, who reviewed the instant application filed on July 16, 2014, was bound by the findings of ALJ Gasparovich. *See Drummond v. Comm'r of Soc. Sec.*, 126 F.3d 837, 842 (6th Cir. 1997) (holding that "[a]bsent evidence of an improvement in a claimant's condition, a subsequent ALJ is bound by the findings of a previous ALJ.").

However, the Sixth Circuit recently clarified that the principles protected by *Drummond* ". . . do not prevent the agency from giving a fresh look to a new application containing new evidence or satisfying a new regulatory threshold that

covers a new period of alleged disability while being mindful of past rulings and the record in prior proceedings." *Earley*, 893 F.3d at 931.

As noted in the R&R, "the ALJ issued his decision in 2016 with a pre-*Earley* understanding of *Drummond*." [R&R at 17]. Nonetheless, the Magistrate Judge concluded that this did not undermine the ALJ's analysis because he still gave a "fresh look" to Plaintiff's application and therefore reviewed the evidence presented in accordance with *Earley*.

In Objection A, Plaintiff argues that the Magistrate Judge erred in concluding that the ALJ properly considered the new evidence of her lower back condition which covered a new period of alleged disability. The Court disagrees. Albeit noting that the findings in ALJ Gasparovich's 2012 decision were binding, ALJ Matulewicz considered Plaintiff's visits with her primary care physician in March 2013 and February 2014, and her CT scan in April 2014, in making his Step Two determination. Moreover, the ALJ found that Plaintiff's own testimony on the new period of alleged disability weighed against a finding of a severe medical impairment.

The record establishes that ALJ Matulewicz conducted an independent review of the evidence – he "did not simply apply *res judicata* principles and adopt [ALJ Gasparovich's] findings 'lock, stock and barrel[.]'" *Kamphaus v. Comm'r of Soc. Sec.*, No. 2:17-cv-11828, 2018 WL 3800243, at *5 (E.D. Mich. July 23,

2018), *report and recommendation adopted,* No. 2:17-cv-11828, 2018 WL 3770045 (E.D. Mich. Aug. 8, 2018). Accordingly, Objection A is overruled.

### B. SSR 83-20 is inapplicable because the ALJ did not find Plaintiff disabled

Social Security Ruling 83-20 applies where the ALJ finds that the claimant is disabled and there is a question as to the onset date of disability. But where there is no "finding that the claimant is disabled as a result of [her] mental impairment or any other impairments or combination thereof, no inquiry into onset date is required." *Key v. Callahan*, 109 F.3d 270, 274 (6th Cir. 1997).

Plaintiff's reliance on SSR 83-20 is misplaced. Because the ALJ did not find Plaintiff disabled prior to the date last insured, SSR 83-20 is inapplicable. Objection B is overruled.

### C. The ALJ's Step II determination was supported by substantial evidence

Objection C does not warrant *de novo* review because it is a general objection to the entirety of Section C-II of the R&R. *See Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). Objections which simply dispute "'the correctness of the magistrate's recommendation but fail[] to specify the findings . . . believed in error' are too general" and amount to a failure to object. *Novak v. Prison Health Services, Inc.*, No. 13-11065, 2014 WL 988942, at *3 (E.D. Mich. Mar. 13, 2014) (quoting *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995)).

Nonetheless, even construing Objection C as specifically objecting to the ALJ's finding that Plaintiff's back pain did not constitute a severe medically determinable impairment under Step II, the Court finds this argument unavailing. As stated in the R&R, the ALJ considered Plaintiff's physician visits in March 2013, April 2013, and February 2014 and found that the medical records did not demonstrate disability. [R&R at 25]. The ALJ further considered Plaintiff's CT scan from April 2014 and noted that the findings were "modest at best." Tr. at 21.

Additionally, the ALJ explained that even if Plaintiff's back pain could be considered a medically determinable impairment, Plaintiff failed to establish that the impairment was severe. To support his conclusion, the ALJ noted that Plaintiff elected not to see a doctor for back pain between April 2013 and February 2014 and found Plaintiff's own description of her symptoms unconvincing.

The Court agrees with the Magistrate Judge that Plaintiff failed to meet her burden of demonstrating that she was significantly limited in her ability to perform basic activities, or experienced functional limitations, as a result of her back pain between March 12, 2013 (onset date) and December 31, 2013 (date last insured). [R&R at 27; 29]. Because the ALJ's Step II determination was supported by substantial evidence, Objection C is overruled.

## CONCLUSION

Accordingly,

**IT IS ORDERED** that the R&R [16] of the Magistrate Judge is hereby **ADOPTED** and is entered as the findings and conclusions of the Court.

**IT IS FURTHER ORDERED** that Plaintiff's Objections [17] are **OVERRULED**.

**IT IS FURTHER ORDERED** that Defendant's Motion for Summary Judgment [13] is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Summary Judgment [11] is **DENIED**.

**SO ORDERED**.

Dated: September 17, 2018

s/Arthur J. Tarnow
Arthur J. Tarnow
Senior United States District Judge